E. G. JACKSON, ADM., v. JOSIAH HILL.

1. In a suit to enforce the vendor's lien for the purchase money of land where the vendee is dead, his heirs are necessary parties.
2. Though the vendor's lien follows the assignment of the note given for the purchase money of land into the hands of a *bona fide* assignee, yet if

·such note be canceled and a new one given to a party·other than the vendor, and personal security taken on such new note, the lien is lost; and this though there may have been a verbal agreement by all parties that the lien was retained.

APPEAL from Robertson. Tried below before the Hon. J. B. Rector.

A judgment was obtained by Josiah Hill against E. G. Jackson, administrator, enforcing a vendor's lien. The substituted note, referred to in the opinion, from Strong to Davis, which Josiah Hill signed as security, expressed on its face that it was for the purchase money of land, and it was proved without objection by Davis and Hill that it was agreed by all the parties in making the note to Davis that the vendor's lien was retained; and was not to be affected by the new security afforded by Hill's signature. Hill paid the note and sought an enforcement of the lien. The other material facts will be found in the opinion.

*Aycock & Hamman*, for appellant, contended, first, that the demurrer filed by Jackson, the administrator, should have been sustained, because the heirs of Frazier were not made parties; and, second, that the execution of the new note with personal security worked an extinguishment of the vendor's lien.

*Terrell & Walker*, and *J. B. Boyd*, for appellee.— The cancellation of the old note and the substitution of a new note was done with the express consent of Strong, the maker of the note. In the new note, as in the old, a lien was reserved on the land, and Hill's endorsement was made at the time, and with the consent of Strong, with the distinct understanding that the land should still be liable for the debt. To hold, in a case like this, that the new security extinguished the lien, would be giving a construction of law at variance with the clear

contract and understanding of all parties to the transaction.

The unpublished decision of the Supreme Court of the United States in P. De Cordova v. Mary Hood *et als.*, decided December term, A. D. 1872, involved the question raised in this case, and on a state of facts almost identical.

In that case the court said: "It is true, that taking a note or a bond from the vendee with surety has generally been held evidence of an intention to rely exclusively upon the personal security taken, and, therefore, presumptively to be an abandonment or waiver of the lien. But this raises only a presumption, open to rebuttal by evidence, that such was not the intention of the parties." (Campbell v. Baldwin, 2 Humphries, 248, 258; Marshall v. Christmas, 2 Humphries, 616; Parker v. Sewell, 24 Texas, 238.) In this case, as in that, the evidence clearly shows that neither party understood that the endorsement of Hill was intended as a substitute for the lien.

In the case referred to the Supreme Court of the United States say: "Giving the new note was not payment of the debt; it was only a change of the evidence, and, therefore, the fact that it was given did not affect the lien."

WALKER, J.—We are of opinion that the court below erred in overruling the demurrer filed by the appellant to the plaintiff's petition below.

Jackson, the administrator of Frazier, was not a proper party to this suit. If the cause of action had been good against the land claimed by Frazier's estate, his heirs were the proper parties.

The facts appear to be that Frazier purchased land which Hill had sold to Strong, retaining a vendor's lien to secure a note of $600. Hill purchased land from Davis,

and by an arrangement surrendered Strong's note in consideration of Strong making his note for an equal amount directly to Davis, which note Hill himself signed as an endorser or security.

We do not think that the vendor's lien attached to the new note from Strong to Davis, although the parties may have verbally contracted for such a lien.

Frazier's knowledge of the transaction could not change the law of the case. It is often and always with propriety said that the vendor's lien is not a subject of contract, but is the creature of legal implication; it is a secret equitable lien, affecting the vendor and the vendee; and though our courts have held that it follows the assignment of the purchase note into the hands of a *bona fide* assignee, yet it does not follow where there is a novation, a new note given to a party not the vendor, and personal security taken upon the note.

Authorities are referred to in support of the judgment of this case, but we regard them as totally inapplicable to the facts.

The judgment is reversed and the cause dismissed.

REVERSED AND DISMISSED.